IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OVINCE SAINT PREUX,

    Plaintiff,

      v.

JARED WHEAT, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-3342-TWT

## OPINION AND ORDER

This is a products liability case. It is before the Court on Plaintiff Ovince Saint Preux's Motion to Stay [Doc. 11] and Motion for Reconsideration [Doc. 12] as well as Defendant Hi-Tech Pharmaceuticals, Inc.'s ("Hi-Tech") Motion to Strike [Doc. 18] and Motion to Dismiss [Doc. 19]. For the reasons set forth below, the Court DENIES Plaintiff Preux's Motion to Stay [Doc. 11].

## I. Background[1]

Plaintiff Ovince Saint Preux is a professional Ultimate Fighting Championship ("UFC") fighter who claims that two of Defendant Hi-Tech's dietary supplements were mislabeled and deceptively marketed such that they caused him to fail a drug test and suffer damages. (Am. Compl. ¶¶ 13–47 [Doc. 13].) In his Original Complaint [Doc. 1-2], Preux asserted nine counts against three named Defendants. Upon motion, the Court dismissed all named

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present motions. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

Defendants except Hi-Tech, two of the nine counts in their entirety (breach of express warranty and battery), and all counts to the extent they requested damages for purely economic losses and the risk of future injury. (Op. & Order, Feb. 5, 2026 ("Dismissal Order"), at 19 [Doc. 10].) The Court also allowed Preux fourteen days to amend his Complaint "to state a damages amount as required by Tenn. Code Ann. § 29-28-107." (*Id.* at 14.)

Shortly after the Court issued its prior order, Preux moved to reconsider the merits of the motion to dismiss, moved to stay this proceeding pending resolution of an ongoing criminal case involving some of the Defendants, and filed his Amended Complaint. Defendant Hi-Tech then moved to dismiss the Amended Complaint and strike certain portions thereof.

## I.   Legal Standard

Courts enjoy broad discretion in managing their own dockets, including staying proceedings. *S.W. v. Clayton Cnty. Pub. Schs.*, 185 F. Supp. 3d 1366, 1371 (N.D. Ga. 2016) (quoting *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997)). While "special circumstances . . . in the interests of justice" may require a court to stay a civil case pending resolution of a parallel criminal case, "the mere existence of parallel criminal and civil proceedings does not compel stay of the latter." *Id.* (citations omitted). Courts consider a variety of factors when assessing whether staying the civil proceeding is warranted, including

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case,

2

including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Id.* at 1371–72 (citation omitted). A court granting a stay must ensure it is not "immoderate." *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (citation omitted).

A court may dismiss an action with prejudice for failure to comply with a court order under Rule 41(b). Fed. R. Civ. P. 41(b). However, such dismissal is an "extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (citation modified) (quoting *World Thrust Films, Inc. v. Int'l Fam. Ent., Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)).

## II.    Discussion

### A. Motion to Stay

Preux seeks a stay of the present case pending the resolution of a criminal case involving Defendant Hi-Tech and former Defendant Jared Wheat. He requests a stay on two grounds: (1) Wheat's ability to respond to discovery in this case would "interfere" with both Defendants' "constitutional and procedural rights' in the criminal case," (Pl.'s Mot. to Stay, at 2); and

3

(2) Wheat's deposition is necessary for the present case but he "still has a Fifth Amendment concern through the pendency of an appeal" in the criminal case. (*id.*).

The Court denies Preux's Motion to Stay. There are several problems here. First, no significant overlap exists between the claims in this case and those at issue in the criminal case. As Hi-Tech points out, the government voluntarily dismissed all counts against Hi-Tech and Wheat related to controlled substances and adulterated food, (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Stay, Ex. B ("Indictment"), at 12–22 [Doc. 16-2]); Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Stay, Ex. C, at 1 [Doc. 16-3]), and the jury found Hi-Tech and Wheat not guilty on all counts related to misbranded drugs, (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Stay, Ex. D ("Verdict"), at 6–9 [Doc. 16-4]). While the jury found Hi-Tech and Wheat guilty of wire fraud and money laundering counts related to the export of dietary supplements from the United States to other countries, (*see* Indictment, at 1–8; Verdict, at 1–3), none of those counts concern the sale of supplements in the United States to customers like Preux. Moreover, according to Hi-Tech, the post-trial motions pending in the criminal case do not concern the sale of supplements in the United States. Preux did not file a reply brief contesting these assertions. (Def.'s Resp. Br. in Opp'n to Pl.'s Mot. to Stay, at 5.)

Second, the Court has already dismissed Wheat as a party in this case, so Wheat's ability to respond to discovery or invoke his Fifth Amendment rights is irrelevant. To the extent Preux seeks to protect Hi-Tech's Fifth Amendment rights, no such rights exist for corporations like Hi-Tech (nor has Hi-Tech invoked any such rights). *See Braswell v. United States*, 487 U.S. 99, 104–05 (1988); *see also id.* at 105 ("[A] corporation has no Fifth Amendment privilege."). The Motion to Stay should be denied.

### B. Motion for Reconsideration

In his Motion for Reconsideration, the Plaintiff claims that he did not receive an email from Defendants' counsel notifying him of the filing of the motion. As set forth in the Defendant's Response, Plaintiff's counsel was notified of the filing of the Motion to Strike at least four times by opposing counsel or CM/ECF. He never responded. This was not a clerical mistake or a mistake arising from oversight or omission found in a judgment or the Court's Order. And for the reasons set forth in the Defendant's Response to the Motion for Reconsideration, it was also not excusable neglect. Plaintiff did not bother to file a Reply. The Motion for Reconsideration should be denied.

### C. Motion to Dismiss

In its prior Order, the Court directed Preux to "file an amended complaint striking the challenged portions identified, omitting the dismissed counts, and stating a damages amount as required by Tenn. Code Ann.

5

§ 29-28-107." (Dismissal Order, at 19.) The Court further warned that "[f]ailure to do so may result in dismissal of the Complaint." (*Id.*) While Preux's Amended Complaint omits previously struck paragraphs and omits the previously dismissed breach of express warranty and battery counts, it contains a number of allegations that this Court has already addressed or dismissed. For example, the Amended Complaint erroneously includes previously dismissed parties, includes previously dismissed requests to recover purely economic losses and future injuries, fails to state a damages amount, and asserts claims under Georgia law that this Court has already ruled are inapplicable.[2] Hi-Tech calls out these errors in its recent Motion to Strike and Motion to Dismiss and now seeks dismissal of the entire case with prejudice under Rule 41(b) and Local Rule 41.3. (Def.'s Mot. to Dismiss, at 2.)

In his Response, Preux acknowledges the clear deficiencies in his Amended Complaint and asks this Court to grant leave to file a proposed Second Amended Complaint. (*See* Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 2. *See generally* Pl.'s Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, Ex. 1 [Doc. 20-1].) As justification for this request, Plaintiff's counsel cites "personal circumstances" that led to this failing, including his wife's addiction, involuntary confinement, and hospitalization, and his new role as sole

---

[2] Having been filed one day past the Court's deadline, Preux's Amended Complaint is also untimely.

caretaker of three kids. (*Id.* at 5, 9; *see also* Pl.'s Mot. to Stay, at 6.)

The Court clarifies three matters up front. First, Preux's request for leave to amend is improper, as it was presented in a response brief rather than through a motion pursuant to Rule 7(b). Second, the personal circumstances of counsel generally do not justify noncompliance with a court's order. Third, it is clear that Preux's Amended Complaint does not comply with the Court's prior order. The Plaintiff argues without citing any authority that the Motion to Dismiss should be denied because he "substantially complied" with the Court's Order. This is not a discovery dispute where substantial compliance may be acceptable. It is abundantly clear that the Plaintiff willfully refused to comply with the Court's Order directing him to state a damages amount in accordance with Tenn. Code Ann. § 29-28-17. Under all of the circumstances, there is a clear pattern of refusal to comply with the Court's Order. Thus, dismissal is appropriate here and no lesser sanction would suffice.

### III.    Conclusion

For the reasons set forth above, the Court DENIES Plaintiff Ovince Saint Preux's Motion to Stay [Doc. 11] and Plaintiff Preux's Motion for Reconsideration [Doc. 12]. The Defendant Hi-Tech Pharmaceuticals, Inc.'s Motion to Strike [Doc. 18] and Motion to Dismiss [Doc. 19] are GRANTED.

SO ORDERED, this ⎯⎯1st⎯⎯ day of June, 2026.

THOMAS W. THRASH, JR.
United States District Judge